## City of Scranton, Appellant, *v.* Arnt.

[Marked to be reported.]

*Municipal liens—Sewerage tax—Act of May 23, 1874, section 47, P. L. 259—Ibid. sections 36 and 37, P. L. 249.*

A lien for sewerage tax filed in accordance with the provisions of the act of May 23, 1874, section 47, P. L. 259, is sufficient if the provisions of that section and of section 36 of the same act are complied with.

A statement of the date at which the assessment was due, while it might be a matter of convenience to the defendant, is not one of the prescribed requirements of the lien, and the lien will not be struck off because of a failure to state such date.

City of Scranton v. Jones, 133 Pa. 223, distinguished.

*Retroactive legislation—Municipal lien good under existing law.*

The lien in this case conformed in all particulars to the requirements of the act of May 23, 1889, section 21, P. L. 323, which was passed after the filing of the lien. While this act may not be retroactive, it nevertheless specifies what requisites shall be deemed sufficient in the case of such liens, and the court would hesitate to hold a lien filed before its passage insufficient in the face of such a declaration by the law-making power as to what such lien should contain.

Argued Feb. 24, 1892.     Appeal, No. 158, Jan. T., 1892, by plaintiff, from decree of C. P. Lackawanna Co., April T., 1891, No. 608, striking off municipal lien filed against property of Leonard Arnt. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Rule to strike off municipal lien.

The facts appear by the opinion of the Supreme Court. The court below struck off the lien, ARCHBALD, P. J., delivering the following opinion: " Notwithstanding the amendment which has been allowed, the statement of lien is still deficient in not showing when the assessment was due. The importance of this was considered in the case of the City v. Jones, 133 Pa. 223, and City v. Mears, 2 Lack. Jurist 53. We adhere to the opinions there expressed, and therefore the rule is made absolute and the lien is stricken off."

Plaintiff appealed.

*Errors assigned* were, (1) making absolute, and (2) not discharging, the rule to strike off the lien.

*I. H. Burns*, for appellant.—The only point decided in the case of Scranton v. Jones, 133 Pa. 223, was that the description of the land was insufficient. And he cited Pittsburg v. Cluley, 66 Pa. 449.

*W. H. Stanton*, for appellee, argued against the constitutionality and the application to this case of the act of 1889, and the regularity of the ordinance under which the assessment upon defendant's property was made, and also cited the cases referred to in the opinion of the court below.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892:

The city of Scranton filed the lien in this case against the property of the defendant for the construction of a sewer. Upon the application of the defendant, the court below struck off the lien for the reason that it was deficient in not showing when the assessment was due. The learned judge appears to have relied, to a considerable extent, upon City v. Jones, 133 Pa. 223. The point decided in that case was that the property was not sufficiently described. It is true the learned court below discussed a number of other questions, among which was the one now under consideration. He held that it must appear upon the face of the lien when the sewer assessment is due or payable. This court did not pass upon that question.

The lien was filed under the 47th section of the act of May 23, 1874, P. L. 259, which provides, inter alia, as follows: " Such assessments shall be called sewerage tax, and claims for same shall be registered in the city lien docket as unpaid school

and city taxes on real estate are by this act directed to be registered; and the same shall be, from the time of such assessment, liens on such lots and lands in the hands or possession of the owner thereof, their heirs and assigns, the same as other city taxes, and subject to the same penalties, if delinquent; and it shall be lawful for the city councils to cause said assessments to be collected before the work is contracted for."

It will thus be seen that the sewerage tax is to be registered in the city lien docket, in the same manner as unpaid school and city taxes, on real estate, are directed to be registered. The provision in regard to city taxes is as follows: " After the first day of January in each and every year, the city treasurer shall place correct and detailed statements of taxes respectively due on real estate, in the possession of the city solicitor, who shall cause the real estate remaining unpaid to be registered in the name of the city, if city taxes, and in the name of the proper district, if school taxes, and against the person or persons charged in the duplicate with the same: " Sec. 36, act of 1874, P. L. 249. By the 37th section of said act, it is provided, that claims so registered shall be prima facie evidence of the amount thereof, and of the same being due and owing.

Beyond this we find nothing in the act prescribing the requisites of the lien. The claim filed in this case, as amended, sets forth the name of the owner or reputed owner, the date of the assessment, for what purpose the assessment was made, with the amount thereof, together with a description of the property against which the claim is filed. Nothing beyond this is required by the terms of the act of assembly. It might be a matter of convenience to the defendant, to set forth when the assessment was due, but we do not see our way clear to strike off the lien for the omission of such statement. The time when such assessments would fall due, is regulated by city councils, of which every citizen is supposed to have knowledge. Hence, when the date of the assessment is set forth, the person, against whom the lien is filed, knows, or has the means of knowledge, when it is due. If an attempt is made to enforce the payment of the lien, before maturity, defence can be made upon that ground. If the lien is filed, when no right to do so exists, the court will strike it off upon motion. In this case it was not contended that the city had no right to file this lien at the time

it was done.    The filing of a lien is one thing, its enforcement is another.

The 21st section of the act of May 23, 1889, P. L. 323, provides, inter alia: " Such specification of lien shall be deemed sufficient, if it designates the amount and date of the assessment, the lands assessed, and the name of the owner or reputed owner."    This act was not passed until after the original lien was filed.    It was in force when the amendment to the lien was made.    While this act may not be retroactive, it nevertheless specifies what requisites shall be deemed sufficient in such cases, and we would hesitate to hold a lien, filed before its passage, insufficient, in the face of such a declaration by the law-making power, as to what such lien should contain.    The previous acts referred to, not having defined the requisites for such liens, we are not disposed to destroy this lien by judicial construction, when it conforms to the law, as it now stands upon the statute book.

The order of the court below, making absolute the rule to strike off the lien, is reversed and set aside, the lien is reinstated, and a procedendo awarded.